1         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
2                  FORT WORTH DIVISION

3  UNITED STATES OF AMERICA        )    4:14-CR-45
                                   )
4  v.                             )    August 25, 2014
                                   )
5  LOVICK HALDON STIKELEATHER      )

6

7        **BEFORE THE HONORABLE REED C. O'CONNOR**
              *United States District Judge*
8                 *In Fort Worth, Texas*

9

**FOR THE GOVERNMENT:**          **MR. SHAWN SMITH**
10                               US Attorney's Office
                                 801 Cherry St
11                               Burnett Plaza Ste 1700 Unit #4
                                 Fort Worth, TX 76102-6882
12                               817/252-5200
                                 Fax: 817-252-5455
13

**FOR THE DEFENDANT:**           **MS. ERIN LEIGH BRENNAN**
14                               Federal Public Defender
                                 819 Taylor Street
15                               Fort Worth, TX 76102
                                 817/978-2753
16                               Fax: 817/978-2757
                                 erin_brennan@fd.org
17

**COURT REPORTER:**              **MR. DENVER B. RODEN, RMR**
18                               *United States Court Reporter*
                                 1050 Lake Carolyn Pkwy #2338
19                               Irving, Texas  75039
                                 *drodenrmr@sbcglobal.net*
20                               Phone:  (214) 753-2298

21

22       The above styled and numbered cause was reported by
   computerized stenography and produced by computer.

23

24

25

1       (August 25, 2014.)

2           THE COURT:  Mr. Stikeleather, would you go with the

3   marshal, please.

4           Okay.  This is case number 4:14-CR-045.  Mr. Smith,

5   are you here?

6           MR. SMITH:  Yes, Your Honor.

7           THE COURT:  For the Government?

8           MR. SMITH:  Yes, Your Honor.

9           THE COURT:  And -- I know you are here.  But are you

10  here for the Government.  And, Ms. Brennan, are you ready to

11  proceed?

12          MS. BRENNAN:  Yes, Your Honor.

13          THE COURT:  Sir, would you please state your full

14  name for the record?

15          THE DEFENDANT:  Lovick Haldon Stikeleather.

16          THE COURT:  Thank you, sir.  We are here for purposes

17  of your sentencing.

18          Ms. Brennan, did you and your client receive in a

19  timely manner a copy of the Presentence Investigation Report

20  and the Addendum?

21          MS. BRENNAN:  We did, Your Honor.

22          THE COURT:  Did you carefully review those documents

23  with your client?

24          MS. BRENNAN:  I did.

25          THE COURT:  Did the Government receive these

1    documents timely?

2            MR. SMITH:  Yes, Your Honor.

3            THE COURT:  All right.  Are there any objections that

4    we need to take up, Ms. Brennan?

5            MS. BRENNAN:  No, Your Honor.  I believe my

6    objections I stated in my motion for downward departure.

7            THE COURT:  Yes.  Okay.  Very good.  Then I will

8    adopt the fact findings contained in the Presentence Report

9    and the Addendum.  I will adopt the probation officer's

10   conclusions as to the appropriate Guideline calculations or

11   determination and determine that it is as follows:

12           The total offense level is 31.

13           The Criminal History Category is VI.

14           The imprisonment range is 188 to 235 months.

15           The supervised release range is 3 years.

16           The fine range is $15,000 to 1 million dollars.

17           There's a 3582 agreement in this case.  Ms. Brennan,

18   did you go over that with your client?

19           MS. BRENNAN:  I did, Your Honor.

20           THE COURT:  Now, sir, do you understand that if I

21   provide you a reduced guideline calculation based upon the

22   Sentencing Commission's work today, when they make it

23   effective in the future you will not be able to seek a further

24   reduction because you will have received that benefit today.

25           THE DEFENDANT:  Yes, sir.

1    THE COURT:  Do you want me to honor that agreement?

2    THE DEFENDANT:  Yes, sir.  Please.

3    THE COURT:  All right.  So I will do that then.

4    In -- we will make note of that in the judgment.

5    In addition, the Government has filed a motion at ECF

6    No. 29.  I will grant that for the reasons stated in that

7    document.

8    Okay.  Does the Government wish to be heard on

9    sentencing?

10    MR. SMITH:  No, Your Honor.

11    THE COURT:  Okay.  Ms. Brennan, I will now turn the

12    floor over to you.

13    MS. BRENNAN:  Thank you, Your Honor.

14    THE COURT:  And I have read the character letters in

15    addition to what you've submitted.  I've read those as well.

16    MS. BRENNAN:  Okay.  Thank you.  I did want to point

17    the Court's attention to the character letters.  First of all,

18    Deanna Garrett, who is Mr. Stikeleather's girlfriend is

19    present today and I believe she would like to address the

20    Court, if that's okay.

21    THE COURT:  Okay.  Mr. Stikeleather, if you will go

22    with the marshal, please.  Ma'am, would you raise your hand

23    and be sworn.

24    (Witness sworn by the clerk at this time.)

25    THE COURT:  Would you tell me your name, please.

1        **THE DEFENDANT:**  My name is Deanna Garrett.

2        **THE COURT:**  Okay, ma'am.  I would be pleased to hear

3  from you.

4        **THE DEFENDANT:**  Your Honor, thank you for letting me

5  speak.  I know that the courts only have a small -- I'm sorry.

6  A small window to look into his life.  All the Court sees are

7  the things maybe that he's done.  I see the person that he is.

8  He's got a good heart.  He loves his children.  I would give

9  anything for him to be home sooner so that we can have our

10  lives together with our children and raise our family

11  together.

12        He is remorseful.  I know this.  We have been working

13  the twelve step program.  I'm an assimilation coach for

14  Celebrate Recovery.  I have been now for almost two years now.

15  We have been working that program together through mail and

16  talking on the phone while he's been in there.  He started

17  even since he's been in there I've seen certain things,

18  changes, the way he talks, the way he thinks, the way he has

19  accepted responsibility and understands what he has done is

20  wrong and I don't think it's just because he got caught.  He

21  doesn't want that kind of life.

22        I'm just asking the Court to have leniency on him so

23  he can live out the change that he has sooner than later.

24        **THE COURT:**  Thank you, ma'am.

25        **THE WITNESS:**  Thank you.

1          MS. BRENNAN:  Your Honor, I think that a common

2     thread among the letters that I submitted on behalf of

3     Mr. Stikeleather is that he is a loving, caring, and giving

4     person who loves his kids, loves his family, his parents, his

5     siblings, his ex-wife, did love and loves his girlfriend now.

6          I also submitted a letter from Mr. Stikeleather and I

7     think that it's clear from that letter that we're not dealing

8     with an uneducated person.  He graduated high school.  He got

9     his commercial driver's license and drove a truck for five

10    years.  He worked in computer graphic design.  He built

11    houses.  Around 2004/2005 is when Mr. Strikeleather's marriage

12    began falling apart and that's when we see the pattern of

13    criminal activity and when he started using methamphetamine.

14          I think his Criminal History Category is lengthy and

15    less than impressive, but I think it's important to note that

16    he hasn't been conducting this behavior all of his life.  He

17    didn't committing criminal offense until he was roughly

18    twenty-five years which is also around the time when his

19    marriage was falling apart and when he began using

20    methamphetamine.

21          I've had many conversations with Mr. Stikeleather and

22    I know that he did not handle his marriage falling apart very

23    well.  And I'm not making excuses for his behavior but I think

24    it is because he does love other people on so deeply and he is

25    willing to do anything for them and I think that the spur of

1   the -- a period of criminal activity for him which I think

2   he's now finished with.  And I point this out just because I

3   think that it shows that he has the ability to change, that he

4   has not been this person all his life, and I believe that he

5   will.

6          As Ms. Garrett just said, she told me also they have

7   been doing the twelve step program while he has been

8   incarcerated.

9          I also would like the Court to know that he has been

10  working while he has been in FCI Fort Worth for Cow Circles B

11  and I feel that Mr. Stikeleather can come back into this

12  community and be a productive member of society and I think

13  that he will do that.

14         And so I would just ask the Court to consider my

15  issues presented and my motion for downward departure and

16  Mr. Stikeleather also would like the Court to recommend the

17  Drug Treatment Program for him.  He would like to overcome his

18  methamphetamine addiction.

19         And also, if the Court could recommend he be placed

20  in El Reno, Oklahoma.  His brother lives there and he would

21  like to be closer to his brother and also just to get out of

22  the Texas area.

23         **THE COURT:**  Okay.  Thank you, Ms. Brennan.

24         **MS. BRENNAN:**  Thank you.

25         **THE COURT:**  Sir, do you wish to speak on your behalf

1    or present information in mitigation of your sentence?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  I would be pleased to hear from you.

4              THE DEFENDANT:  Your Honor, I admit I've had some

5    pretty bad behavior, unacceptable.  I take full responsibility

6    for it.  Like my lawyer said, I went through a tough divorce

7    in 2005.  I took it pretty hard.  I'm not trying to place

8    blame on anyone else except myself and my behavior.  I want to

9    apologize to you, the Government, the community, mostly to my

10   family.

11             Your Honor, I ain't asking for forgiveness now, I'm

12   just asking for understanding and your favor in my sentence

13   and I apologize.

14             Thank you.

15             THE COURT:  Thank you, sir.  I will now state the

16   sentence determined pursuant to 18 U.S.C. 3553 treating the

17   Sentencing Guidelines as advisory only.

18             In arriving at a reasonable sentence I have taken

19   into account primarily the conduct admitted in the Factual

20   Resume as well as those matters required to be considered by

21   3553.

22             Pursuant to the Government's motion, it is the

23   judgment of the Court that the defendant is committed to the

24   custody of the Federal Bureau of Prisons for a period of 120

25   months.

1          This sentence shall run concurrent with the case

2    pending in the 396th District Court of Tarrant County under

3    case No. 1351037-D.

4          I do not order a fine.

5          Upon your release from prison you are placed on

6    supervised release for a term of 3 years.

7          It is further ordered upon your release from prison

8    that you comply with the standard conditions contained in this

9    judgment as well as the mandatory and special conditions

10   stated herein.

11         Ms. Brennan have you gone over with your client these

12   conditions?

13         **MS. BRENNAN:**  I have, Your Honor.

14         **THE COURT:**  Do you understand the conditions that

15   have been imposed on you during your term of supervised

16   release, Mr. Stikeleather?

17         **THE DEFENDANT:**  Yes, sir.

18         **THE COURT:**  Do you have any questions at all about

19   any aspect of any of these conditions?

20         **THE DEFENDANT:**  No, sir.

21         **THE COURT:**  Then I will order these conditions to be

22   imposed.

23         I will also order as part of your sentence that you

24   pay a mandatory special assessment of $100.

25         I believe this is the appropriate sentence, given all

1    of the facts and circumstances and that it is sufficient, but

2    not greater than necessary to comply with the statutory

3    purposes of sentencing.

4            Is there any objection from the Government?

5            **MR. SMITH:**  No, Your Honor.

6            **THE COURT:**  Ms. Brennan?

7            **MS. BRENNAN:**  No, Your Honor.

8            **THE COURT:**  Then I'll order this sentence imposed as

9    stated.  Brennan, if you would have your client sign those

10   conditions and file those on the docket, please.

11           **MS. BRENNAN:**  Yes, sir.

12           **THE COURT:**  Now, sir, to the extent you are

13   dissatisfied with this sentence you also have the right to

14   appeal the sentence and you have the right to apply for leave

15   to appeal in forma pauperis if you decide to appeal and you

16   are unable to pay the costs of an appeal and if you -- if you

17   decide to appeal your notice must be filed within 14 days.

18           Please talk to Ms. Brennan about your appellate

19   rights.

20           Is there anything else we should take up?

21           **MR. SMITH:**  No, Your Honor.

22           **THE COURT:**  I will recommend that you be placed in

23   El Reno, if possible, and that you be eligible -- that you be

24   able to participate in the Drug Abuse Treatment Program if you

25   are eligible.

1          Anything else, Ms. Brennan?

2          **MS. BRENNAN:**  No, Your Honor.

3          **THE COURT:**  Thank you.  Then we are in recess on this

4    case.  Thank you all for being here.  Good luck to you, sir.

5          **THE DEFENDANT:**  Thank you, Your Honor.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      I, **DENVER B. RODEN**, United States Court Reporter for the

2    United States District Court in and for the Northern District

3    of Texas, Dallas Division, hereby certify that the above and

4    foregoing contains a true and correct transcription of the

5    proceedings in the above entitled and numbered cause.

6      **WITNESS MY HAND** on this 29th day of April, 2015.

7

8

9                                    /s/ Denver B. Roden

10                               **DENVER B. RODEN, RMR**
                                 *United States Court Reporter*
11                               1050 Lake Carolyn Parkway #2338
                                 Irving, Texas  75039
12                               *drodenrmr@sbcglobal.net*
                                 **Phone:**  (214) 753-2298
13

14

15

16

17

18

19

20

21

22

23

24

25